# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0231 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BOBBY B. KIRKENDOLL | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM RULING</u>

Before the Court are five motions filed by Defendant Bobby B. Kirkendoll ("Kirkendoll"), including motions captioned as: (1) a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 71]; (2) a motion for a more definite statement [Record Document 76]; (3) a motion to unseal, for an evidentiary hearing, and to provide a bill of particulars and all documents [Record Document 80]; (4) a motion for miscellaneous relief [Record Document 81]; and (5) a motion for judgment on the pleadings [Record Document 85]. The Government opposes Kirkendoll's § 2255 motion and contends he is not entitled to any relief. Record Document 79.

For the reasons assigned herein, Kirkendoll's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 71] is **DENIED** and **DISMISSED WITH PREJUDICE**. Kirkendoll's motion for a more definite statement [Record Document 76] is **DENIED**. Kirkendoll's motion to unseal, for an evidentiary hearing, and to provide a bill of particulars and all documents [Record Document 80] is **DENIED**. Kirkendoll's motion for judgment on the pleadings [Record Document 85] is

**DENIED**. Kirkendoll's motion for miscellaneous relief [Record Document 81] is **GRANTED IN PART** and **DENIED IN PART**.

## Background

On July 24, 2019, Kirkendoll was indicted by a federal grand jury on four counts: (1) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) ("Count One"); (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); (3) carrying and using a firearm during drug trafficking, in violation of 18 U.S.C. § 924(c)(1) ("Count Three"); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"). Record Document 1. Kirkendoll was in state custody on pending state charges for related conduct when he was indicted by the federal grand jury. *See* Record Document 3. Following the federal indictment, the Court issued an arrest warrant and writ of habeas corpus ad prosequendum for Kirkendoll to appear for his initial appearance and arraignment on August 12, 2019. *See* Record Documents 5, 7 & 8.

At Kirkendoll's initial appearance and arraignment, the Government moved for detention pending trial. Record Document 14 at 2. Kirkendoll did not contest the motion and was remanded to detention. *See id.*; Record Document 15 at 3. On December 18, 2019, the Government sought and secured a superseding indictment, charging Kirkendoll with the same four counts as the initial federal indictment. Record Document 26.

On January 9, 2020, Kirkendoll pleaded guilty to Counts One and Four before a magistrate judge. Record Document 36. The Court adopted the magistrate's report and recommendation to accept Kirkendoll's plea. Record Document 41. With a total offense

level of 27 and a criminal history category of III, Kirkendoll's Guideline range was 87 to 108 months. Record Document 54 at 24. Kirkendoll was sentenced to 150 months imprisonment as to Count One[1] and 120 months as to Count Four, to run concurrently. Record Document 53. The Court imposed its above-Guideline sentence to better reflect the nature and extent of Kirkendoll's criminal history, reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities. *See* Record Document 58 at 3. Kirkendoll was also sentenced to five years of supervised release as to Count One and three years of supervised release as to Count Four, to be served concurrently. *Id.*

## **Law & Analysis**

    I.    **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Including the Amendment/Supplement**

        **A. Requested Relief Pursuant to 28 U.S.C. § 2241 Through the Savings Clause of § 2255**

In his § 2255 motion, Kirkendoll concedes he is not entitled to relief under 28 U.S.C. § 2255. Instead, Kirkendoll invokes 28 U.S.C. § 2255(e), known as the "savings clause" of § 2255, to argue he may file a motion for writ of habeas corpus under 18 U.S.C. § 2241. *See, e.g.*, Record Document 71-1 at 1, 23. Specifically, Kirkendoll states that "[t]here is no way that § 2255 can offer [him] an adequate or effective remedy to solve [t]his matter, because the remedy is in 28 U.S.C. § 2241(c)(2) & (3)." *See id.* at 1.

---

[1] As to Count One, the Court imposed a 162-month sentence but subtracted 12 months for time the defendant spent in federal custody prior to sentencing. Record Document 53 at 2.

Under the savings clause of § 2255, a prisoner may apply for § 2241 relief where the relief offered under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). While a prisoner may invoke the savings clause to file a § 2241 habeas petition, a prisoner cannot rely on the savings clause to circumvent the procedural bar to a § 2255 motion. *See Nutall v. Maye*, No. 11-1072, 2012 WL 590809, at *2 (W.D. Tex. Feb. 21, 2012) ("[T]he savings clause of § 2255 permits a petitioner to seek habeas relief under § 2241 when the remedy provided under § 2255 is inadequate or ineffective."), *aff'd*, 547 F. App'x 406 (5th Cir. 2013). Therefore, Kirkendoll argues—both in name and in substance—that he is entitled to relief under § 2241, not § 2255.

A prisoner may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if they are "held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(c)(3)). "To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam) (emphasis added); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)).

Although Kirkendoll is a *pro se* prisoner and his filings are entitled to liberal construction, the Court cannot construe or consider any motion by Kirkendoll seeking relief under 28 U.S.C. § 2241. At the time of Kirkendoll's motion, Kirkendoll was housed at FCI Texarkana, located in Texarkana, Texas, in the jurisdiction of the United States

District Court for the Eastern District of Texas. Therefore, this Court would not have jurisdiction over a § 2241 motion filed by Kirkendoll.

The Court further observes that Kirkendoll has, in fact, filed a motion pursuant to § 2241 in the Eastern District of Texas. *See* § 2241 Request for Statutory Interpretation [Record Document 1], *Kirkendoll v. Warden*, No. 23-0142 (E.D. Tex. Nov. 30, 2023). In his § 2241 motion, Kirkendoll argued the state of Louisiana and the federal government violated the Interstate Agreement on Detainers (IAD) because the state had not yet concluded or dismissed the proceedings against him when they transferred jurisdiction to the federal government. *See id.* The court rejected Kirkendoll's argument because Louisiana is not a party to the IAD. *See Kirkendoll v. Warden*, No. 23-0142, 2024 WL 1559993 (E.D. Tex. Apr. 10, 2024). Kirkendoll appealed the district court's decision and the Fifth Circuit dismissed the appeal as frivolous. *Kirkendoll v. Warden*, No. 24-40356, 2024 WL 4993393 (5th Cir. Dec. 5, 2024).

Because Kirkendoll is a *pro se* prisoner, his filings are "entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). Therefore, although Kirkendoll contends he is not entitled to relief under § 2255, the Court will analyze Kirkendoll's claims to determine if relief is available.

### B. Relief Pursuant to 28 U.S.C. § 2255

#### 1. Relevant Law

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to

5

impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Thus, even if the issues are constitutional or jurisdictional in nature, a defendant may be procedurally barred from raising them in a collateral attack because collateral review is fundamentally different from and cannot serve as a substitute for a direct appeal. If the constitutional or jurisdictional claims were not raised on direct appeal, the defendant's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. *Shaid*, 937 F.2d at 232. In the absence of a showing of cause and prejudice, a procedurally defaulted claim can only be considered by the court if the defendant can

establish actual innocence, which means that it is more likely than not that no reasonable juror would have convicted the defendant of the offense. *Bousley*, 523 U.S. at 622.

### 2. Analysis

Kirkendoll's § 2255 motion raises a wide range of arguments. This includes Kirkendoll's claims that the Court was without subject matter jurisdiction because he was transferred and held in violation of 18 U.S.C. § 3231, that the state of Louisiana "never relinquished jurisdiction on [the] record," and that the state of Louisiana did not have the right to loan the defendant to the federal government for prosecution of the same criminal conduct. *See* Record Document 71-1 at 8. It also includes claims that: Federal Rules of Criminal Procedure 6(d) and 7(c) are unconstitutional; he was subjected to double jeopardy because he was prosecuted by both the state and federal government; he was not subject to indictment by a grand jury; he was not given fair notice; the prosecutor had "no duty to present 'exculpatory' evidence to the grand jury in favor of the defendant"; Louisiana Constitution article V, section 16(A)(2) is unconstitutional; and the Court did not have the jurisdiction to run his sentence concurrent with any sentence resulting from the state charges. Record Documents 71-1 at 16-18, 20-21 & 82 at 4. Finally, it includes Kirkendoll's claim that his counsel was ineffective for failing to object to the superseding indictment, which he claims makes his guilty plea "involuntary." Record Document 82 at 10.

The Court first observes that the arguments raised in Kirkendoll's § 2255 motion and amended motion were not raised on direct appeal. Kirkendoll timely appealed his case to the Fifth Circuit Court of Appeals. On appeal, Kirkendoll's counsel filed an *Anders*

Brief and motion to withdraw. In the *Anders* Brief, Kirkendoll's counsel reviewed the propriety of the prosecution, plea, and sentencing, specifically addressing the propriety of the plea before the magistrate judge, compliance with Federal Rule of Criminal Procedure 11, enforcement of the plea agreement, and the Court's sentencing calculations and findings. *See* Br. of Appellant in Supp. of Incorporated *Anders* Mot. to Withdraw as Counsel [Record Document 25], *United States v. Kirkendoll*, No. 20-30566 (Dec. 14, 2020). Counsel concluded there were no nonfrivolous grounds for appeal. Kirkendoll opposed his counsel's motion to withdraw. *See* Resp. to: Mot. to Withdraw by Atty. Aberle [Record Document 27], *United States v. Kirkendoll*, No. 20-30566 (Dec. 31, 2020).[2] The Fifth Circuit agreed with Kirkendoll's counsel that there were no nonfrivolous grounds for appeal and dismissed the appeal. See Order [Record Document 38-1], *United States v. Kirkendoll*, No. 20-30566 (Apr. 19, 2021).

Because Kirkendoll did not raise the issues he raises in the instant motion on appeal, his arguments are procedurally barred with one exception. Defendants may raise claims for ineffective assistance of counsel under § 2255 without overcoming the procedural bar. *See Massaro v. United States*, 538 U.S. 500, 508-09 (2003). In

---

[2] In his opposition brief to his counsel's motion to withdraw, Kirkendoll raised several issues. First, he raised concerns with the application of the § 3C1.2 sentencing enhancement, late access to the Government's lab reports on the drugs, the difference in the drug amounts in the factual basis and PSR, and the amount of drugs ultimately attributed to Kirkendoll at sentencing. *See* Resp. to: Mot. to Withdraw by Atty. Aberle [Record Document 27], *United States v. Kirkendoll*, No. 20-30566, at 1-2 (Dec. 31, 2020). Kirkendoll also raised concerns with the length of his sentence and calculation of time served. *See id.* at 4-5. Finally, Kirkendoll claimed his counsel was ineffective for encouraging him to plead without seeing the Government's lab report, failing to investigate his grounds for appeal, and for "conced[ing] to false information." *See id.* at 1-2, 5.

Kirkendoll's instant motion, he argues his counsel was ineffective for failing to object to the superseding indictment and as a result, his plea was "involuntary." *See* Record Document 82 at 10. This ineffective assistance of counsel claim is the only claim not procedurally barred. However, the claim is without merit because Kirkendoll does not carry his heavy burden of establishing his guilty plea was involuntary.

The Fifth Circuit has explained that "[t]he critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley*, 944 F.2d 325, 329 (5th Cir. 1991)). A defendant who contends his guilty plea was involuntary carries a "heavy burden." *United States v. Diaz*, 733 F.2d 371, 374 (5th Cir. 1984) (quoting *United States v. Nuckols*, 606 F.2d 566 (5th Cir. 1979)). To carry that burden, the defendant must show that his plea was "so much the product of … misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Kirkendoll fails to carry this heavy burden. He provides no facts or argument to support his claim that his counsel should have objected to the superseding indictment, or that his plea was involuntary, other than his bald assertion that it was so. *See* Record Document 82 at 10. A review of Kirkendoll's change of plea hearing transcript shows that Kirkendoll confirmed his understanding of his rights, the charges against him, and the consequences of his guilty plea. *See generally* Record Document 39. The magistrate judge conducting the hearing reviewed the elements of each offense to which Kirkendoll

pleaded guilty. *See id.* at 11-12. Kirkendoll confirmed that he was not threatened or pressured to plead guilty nor were any promises made to induce him to plead guilty. *See id.* at 12-13. Kirkendoll confirmed that the facts as stated in the factual basis were true and correct. *See id.* at 24. Kirkendoll has not established any facts to suggest his guilty plea was involuntary.

### a. Procedurally Barred

Other than his claim of ineffective assistance of counsel, Kirkendoll's other claims are procedurally barred because they were not raised on appeal. For Kirkendoll to overcome the procedural bar, he must show cause for the procedural default and actual prejudice that resulted. [3] *See Shaid*, 937 F.2d at 232. The Court next considers whether

---

[3] Alternatively, a court may consider a procedurally defaulted claim if the defendant can establish actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant makes a viable claim of actual innocence when he shows it is more likely than not that no reasonable juror would have convicted the defendant of the offense. *Id.* In one of his filings, Kirkendoll contends he is "procedurally actually innocent." Record Document 71 at 4. While Kirkendoll hints at the doctrine of actual innocence, Kirkendoll does not establish any claim of actual innocence.

"Tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)) (internal marks omitted). Further, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Kirkendoll conceded he is not actually innocent in his Fifth Circuit filing. Response to: Motion to Withdaraw by Atty. Aberle [Record Document 27], at 6, *United States v. Kirkendoll*, No. 20-30566 (Dec. 31, 2020).

Kirkendoll has established cause and prejudice for his failure to raise any of these arguments on direct appeal such that Kirkendoll can overcome the procedural bar.

### i.    Cause

The Fifth Circuit describes cause as "'some objective factor external to the defense' [that] prevented [the defendant] from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992)). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* (citing *Romero*, 861 F.2d at 1183).

The only cause Kirkendoll appears to argue is that his attorney was ineffective for failing to raise on appeal the various issues Kirkendoll now brings before the Court. It is true that "[i]neffective assistance of counsel may constitute 'cause' for a procedural default." *Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003). However, Kirkendoll does not meet his burden of showing that his counsel was deficient for failing to raise any of these issues on appeal.

The Fifth Circuit concurred with Kirkendoll's counsel that there were no nonfrivolous issues for appeal. In opposition to his counsel's brief, Kirkendoll did not raise the issues he raises to the Court today. Further, as explained *infra*, Kirkendoll's underlying § 2255 claims are all without merit. Counsel is not ineffective for failing to raise a meritless or novel argument on appeal. *Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere

fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

In sum, there are no facts to suggest that Kirkendoll's counsel was ineffective for failing to raise the issues on appeal. Therefore, Kirkendoll cannot establish cause for failing to raise on appeal the issues he raises now in his § 2255 motion.

## ii.    Prejudice

The Court notes that Kirkendoll's claims would also fail because Kirkendoll cannot establish that he was prejudiced by his counsel's failure to raise on appeal the issues Kirkendoll raises now. For a defendant who pleaded guilty to show actual prejudice, the defendant "must show that absent the error by the district court he would not have pleaded guilty and would have insisted on going to trial." *Guerra*, 94 F.3d at 994. All of Kirkendoll's substantive claims are without merit for reasons explained *infra*. Therefore, Kirkendoll could not have been prejudiced by his counsel's failure to raise the issues on appeal.

## b.  Otherwise Meritless

Even if Kirkendoll's claims were not procedurally barred, the claims are also substantively meritless. Kirkendoll's claims that the Court did not have jurisdiction over his crime, or over his person at the time it accepted his plea and sentenced him, are without merit. The Court had subject matter jurisdiction over Kirkendoll's prosecution because he was charged with a federal crime. *See United States v. Scruggs*, 714 F.3d 258 (5th Cir. 2013) (holding that the full extent of subject matter jurisdictional analysis for federal criminal cases is whether "the indictment charges ... that the defendant

committed a crime described in Title 18 or in one of the other statutes defining federal crimes"). Further, Kirkendoll was properly transferred to federal custody pursuant to 28 U.S.C. § 2241(c)(5), which "authorizes the federal district courts to issue writs of habeas corpus ad prosequendum, used to remove a prisoner to the proper jurisdiction in order to prosecute him." *Ballard v. Spradley*, 557 F.2d 476, 480 n.2 (5th Cir. 1977); *see* Record Document 8 (issuing a writ of habeas corpus ad prosequendum for Kirkendoll). Having found that Kirkendoll has failed to establish both cause and prejudice, the Court finds that Kirkendoll's claims are procedurally barred.

All of Kirkendoll's remaining arguments are also without merit. *See United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976) (holding, in line with Federal Rule of Criminal Procedure 6(d), that "an accused has no right to appear before the Grand Jury to state her case"); *United States v. Davis*, No. 01-282, 2003 WL 1904039, at *4 (E.D. La. Apr. 16, 2003) (explaining that the requirements for an indictment under Federal Rule of Criminal Procedure 7(c) and the Sixth Amendment are "essentially the same"); *Gamble v. United States*, 587 U.S. 678, 681 (2019) ("[A] State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."); Record Documents 1 & 26 (indicting Kirkendoll for the charged crimes); *United States v. Williams*, 504 U.S. 36, 54-55 (1992) (holding there is no constitutional duty for a prosecutor to present exculpatory evidence to the grand jury); *Setser v. United States*, 566 U.S. 231, 244-45 (2012) (holding that a district court judge

13

has the discretion to run a federal sentence consecutively to an anticipated state sentence).[4]

The arguments presented in Kirkendoll's § 2255 motion are all meritless and/or procedurally barred. Accordingly, Kirkendoll's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 71] is **DENIED** and **DISMISSED WITH PREJUDICE**.

## II.    Motion for a More Definite Statement

On April 6, 2022, Kirkendoll filed a document captioned as a "motion for more definite statement from the judge." Record Document 76. In his motion, Kirkendoll seeks clarification as to Record Document 74, in which the Court ordered the Government to respond to Kirkendoll's § 2255 motion. Kirkendoll argues that because he intended to file his § 2255 motion pursuant to 28 U.S.C. § 2255(e), or the "savings clause" of § 2255, the Court should have answered the jurisdictional questions related to his claim without looking to the underlying merits of the motion. *See id.*

As discussed *supra*, the Court received, and considered, Kirkendoll's motion as a § 2255 motion because it does not have jurisdiction to consider a § 2241 petition from him. It is standard procedure for the Court to order a response from the Government when a § 2255 petition is received. Kirkendoll's motion captioned as a "motion for a more definite statement from the judge" [Record Document 76] is **DENIED**.

---

[4] The only claim the Court does not address here is Kirkendoll's claim that Louisiana Constitution article V section 16(A)(2) is unconstitutional. This section of the Louisiana Constitution outlines the original jurisdiction of Louisiana state district courts. Kirkendoll does not provide any argument as to why the provision is unconstitutional nor are any state court proceedings currently before the Court to review.

### III.    Motion to Unseal, for an Evidentiary Hearing, and to Provide a Bill of Particulars and All Documents

On June 29, 2022, Kirkendoll filed a motion seeking several types of relief: (1) to unseal Record Documents 1, 2, 3, 4, 25, 26, 27, and 28; (2) for an evidentiary hearing as to his § 2255 motion; and (3) for a bill of particulars and all documents. Record Document 80. The Court considers each request for relief in turn.

#### A.  Motion to Unseal

Kirkendoll requests that Record Documents 1, 2, 3, 4, 25, 26, 27, and 28 be unsealed. Record Document 80. Record Documents 1, 4, 25, and 26 are not sealed.[5] Therefore, to the extent that Kirkendoll seeks to unseal those documents, his motion is **DENIED AS MOOT**.

The Court next considers Kirkendoll's request to unseal Record Documents 2, 3, 27, and 28. The Court is mindful of the general preference that judicial records are not sealed. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). However, a court may order documents sealed where, on balance, the party's interest in having them sealed outweighs the public's interest in open access to judicial records." *Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 622 F. Supp. 3d 495, 507 (S.D. Tex. 2022) (citing *Seals v. Herzing Inc. - New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012)), *aff'd*, 117 F.4th 628 (5th Cir. 2024).

---

[5] Record Document 1 is Kirkendoll's indictment. Record Document 4 is the minutes for the grand jury proceedings. Record Document 25 is an electronic minute entry rescheduling a pretrial conference. Record Document 26 is the first superseding indictment.

The documents Kirkendoll requests be unsealed contain sensitive information that the Government has an interest in protecting. Record Documents 2 and 27 are the indictment and first superseding indictment, respectively, each bearing the signature of the grand jury foreperson. The identity of the grand jury foreperson is redacted to protect the privacy and integrity of the grand jury participants. The Government has an interest in protecting the privacy of the grand jury and its foreperson. *In re Grand Jury Investigation*, 610 F.2d 202, 213 (5th Cir. 1980) ("Maintaining the confidentiality of grand jury proceedings protects several important interests of the government and of private citizens."). Both indictments are available to Kirkendoll without the signature of the foreperson. *See* Record Documents 1 & 26. Kirkendoll makes no argument as to why copies bearing the signature of the foreperson should be made available to the public.

Record Documents 3 and 28 are defendant information sheets. These sheets contain personal information about the defendant, including his home address, date of birth, and social security number, and the charges against the defendant. The Court declines to unseal documents for public access that contain sensitive information about Kirkendoll—including his social security number.

To the extent Kirkendoll's filing moves the Court to unseal documents 1, 2, 3, 4, 25, 26, 27, and 28, the motion [Record Document 80] is **DENIED**. Kirkendoll also requests "courtesy copies of all documents requested." Because these documents will not be unsealed and are irrelevant to Kirkendoll's claims, Kirkendoll's request for copies of these documents is **DENIED**.

16

### B.  Motion for Evidentiary Hearing

Kirkendoll also moves for an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of [his] allegations." (internal quotation marks and citation omitted)).

Kirkendoll's § 2255 motion does not raise any new or conflicting facts; he raises only legal, constitutional arguments. More importantly, as explained *supra*, a review of the motion, files, and record conclusively establish that Kirkendoll is not entitled to any relief. Therefore, Kirkendoll is not entitled to an evidentiary hearing. Kirkendoll's motion for an evidentiary hearing [Record Document 80] is **DENIED**.

### C.  Motion for Bill of Particulars

Finally, Kirkendoll moves for a bill of particulars "in connection to the jurisdictional involvement between the two sovereigns['] actions or protections for the defendant." Record Document 80 at 5.

According to Federal Rule of Criminal Procedure 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." "The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (citing *United States v. Mackey*,

551 F.2d 967, 970 (5th Cir. 1977); *see also Pipkin v. United States*, 243 F.2d 491, 494 (5th Cir. 1957) (explaining that the purpose of a bill of particulars is to "better apprise the defendant of what he is expected to meet"). Whether to grant a motion for a bill of particulars is in the sound discretion of the trial court. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965); *Davis*, 582 F.2d at 951 ("[I]n passing on motions for a bill of particulars, a trial court is afforded substantial discretion.").

Kirkendoll has already pleaded guilty in the instant case. *See* Record Documents 36 & 41. In doing so, Kirkendoll affirmed the factual basis for that plea. *See* Record Document 40. Kirkendoll had sufficient information to plead guilty. There is no reason that he should now be provided with a bill of particulars. To the extent Kirkendoll's motion moves for a bill of particulars, the motion [Record Document 80] is **DENIED**.

## IV.    Motion for Miscellaneous Relief

On July 6, 2022, Kirkendoll filed another motion for miscellaneous relief. Record Document 81. In that motion, he requests: (1) leave to amend his § 2255 motion; (2) additional copies of Record Documents 6, 7, and 8[6]; (3) a reason that Record Documents

---

[6] Kirkendoll's motion simply requests "additional copies" of documents without naming the specific document numbers; however, the Court interprets his motion as requesting Record Documents 6, 7, and 8. Kirkendoll's motion is captioned in part as a "motion to obtain the additional copies requested by the Court," and argues that he is entitled to them based on Record Document 78. *See* Record Document 81 at 1. Record Document 78 grants the Government's motion to view sealed record documents 5, 6, 7, 8, 16, 30, and 31. *See id.* Kirkendoll then argues that he should be able to view Record Documents 6, 7, and 8. *See id.* Accordingly, the Court presumes that the additional copies Kirkendoll requests are Record Documents 6, 7, and 8.

6, 7, and 8 were not included on copies of the docket sheet sent to Kirkendoll; (4) an "object[ion] to document 6, 7, & 8 for use & clarity." *Id.* at 1.[7]

To the extent that this motion requests leave to amend Kirkendoll's § 2255 motion, the Court notes that Kirkendoll filed his proposed amendment/supplement within the one-year statute of limitations under 28 U.S.C. § 2255. *See* Record Document 82. Therefore, to the extent Kirkendoll's motion seeks leave to amend or supplement his § 2255 motion, the motion [Record Document 81] is **GRANTED**. The amendment/supplement was considered by the Court in its ruling on Kirkendoll's § 2255 motion *supra*.

Kirkendoll's remaining requests for relief are related to Record Documents 6, 7, and 8. Record Document 6 is the motion for writ of habeas corpus ad prosequendum; Record Document 7 is the order granting the motion; Record Document 8 is the writ of habeas corpus ad prosequendum that was issued. Pursuant to a previous court order, these documents were unsealed and ordered to be sent to Kirkendoll. *See* Record Document 87. Accordingly, Kirkendoll's requests for copies of these documents, and a reason the documents were not included on a previous docket sheet, are **DENIED AS MOOT**.

---

[7] In his motion for miscellaneous relief, Kirkendoll also moves for judicial notice of state court proceedings, fair notice prior to grand jury proceedings, and "that the U.S. Constitution is the supreme law and acts notwithstanding." Record Document 81 at 1. Because Kirkendoll is a *pro se* prisoner, the Court construes his filing based on the merits and substance of his motion rather than the title of the motion. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). These subtitles are simply subtitles; Kirkendoll does not seek any substantive relief on these bases other than through his underlying § 2255 motion.

Kirkendoll additionally objects to the use of Record Documents 6, 7, and 8 by the Government. *See* Record Document 81 at 7. The Government has submitted just one filing since being granted leave to view these sealed documents. The Government did not cite any of these record documents in that filing. *See* Record Document 79. Further, Kirkendoll provides no cognizable reason that the Government should be prevented from utilizing these documents. Kirkendoll's request that the Government be prevented from using Record Documents 6, 7, and 8 is **DENIED**.

## V.    Motion for Judgment on the Pleadings

Finally, on June 15, 2023, Kirkendoll filed a motion captioned as a "motion for judgment on the pleadings." Record Document 85. Kirkendoll again requests the Court determine whether his claims can be brought pursuant to the savings clause of § 2255 such that the Court "has the power to release the prisoner" from detention. *Id.* at 2. For the same reasons as explained *supra*, the Court cannot grant Kirkendoll relief under § 2255 or § 2241. Therefore, Kirkendoll's motion captioned as a "motion for judgment on the pleadings" [Record Document 85] is **DENIED**.

### Conclusion

For the reasons assigned herein, Kirkendoll's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 71] is **DENIED** and **DISMISSED WITH PREJUDICE**. Kirkendoll's motion for a more definite statement [Record Document 76] is **DENIED**. Kirkendoll's motion to unseal, for an evidentiary hearing, and to provide a bill of particulars and all documents [Record Document 80] is **DENIED**. Kirkendoll's motion for judgment on the pleadings [Record Document 85] is

**DENIED**. Kirkendoll's motion for miscellaneous relief [Record Document 81] is **GRANTED IN PART** with respect to Kirkendoll's request for leave to amend or supplement his § 2255 motion and his amendment/supplement was considered by the Court in this ruling; the motion for miscellaneous relief [Record Document 81] is **DENIED IN PART** as to all other requested relief.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Kirkendoll has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 26th day of February, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE